IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOEL YEPIZ,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DOOLY COUNTY CENTER SHERIFFS,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:20-cv-00056-TES-CHW** |

**ORDER**

Plaintiff Joel Yepiz, an inmate previously confined in the Dooly County Justice Center in Pinehurst, Georgia, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. [Doc. 1]. He did not use the Court's required § 1983 form. Plaintiff also did not pay the required filing fee or move to proceed *in forma pauperis*.

The Court, therefore, forwarded a § 1983 form and an *in forma pauperis* application to Plaintiff and ordered that he submit a recast complaint using the § 1983 form and either pay the filing fee or submit the *in forma pauperis* application. [Doc 4]. The Court informed Plaintiff that failure to comply may result in the dismissal of his action. Plaintiff failed to respond to the Order.

On April 20, 2020, the Court ordered Plaintiff to respond and show cause why his case should not be dismissed for failure to comply with the Court's previous Order and failure to diligently pursue his claims. The Court informed Plaintiff that failure to fully

and timely comply would result in the dismissal of his complaint. [Doc. 5 at p. 1]. The April 20, 2020 Order was returned as undeliverable, showing that Plaintiff was no longer incarcerated at the Dooly County Justice Center. [Doc. 6]. Instead, he had been either released or transferred, and the Dooly County Justice Center was unable to forward his mail. [*Id*.]. A May 11, 2020 check of the Georgia Department of Corrections Website, Offender Search, reveals that Plaintiff is not in the Georgia Department of Corrections' custody.[1] Thus, it appears Plaintiff has been released from custody, and the Court has no way of contacting him.

Plaintiff has been given more than ample opportunity to pursue this action. Yet, he has failed to do so. Therefore, the instant action is hereby **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 11th day of May, 2020.

S/ Tilman E. Self, III
**TILMAN E SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Georgia Department of Corrections, http://www.dcor.state.ga.us/GDC/Offender/Query (last visited May 11, 2020).